Hearing:
May 12, 1987
T. Henderson
Paper No. 34



**FOR PUBLICATION IN FULL**

U. S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

Trademark Trial and Appeal Board

In re Wella A.G.

Serial No. 363,869

Burton L. Lilling, Myron Greenspan, Charles B. Rodman and Bruce E. Lilling for applicant.

David Shallant, Trademark Examining Attorney, Law Office 7 (Lynne Beresford, Managing Attorney).

Before Sams, Rice and Krugman, Members.

Opinion by Sams, Member:

Wella A.G. seeks registration of the mark "WELLASTRATE" for hair care products, namely, hair straightener.[1] The Trademark Examining Attorney has refused registration on two grounds, namely, that (1) "WELLASTRATE" so resembles the marks "WELLA", "WELLASOL", "WELLA STREAK," and "WELLATONE", all registered in the name of the Wella Corporation [Wella U.S.], a New York corporation, for various hair care products as to be likely to cause confusion, mistake, or to deceive (Section 2(d) of the Trademark Act) and (2) Wella A.G. is not entitled to

(1) Serial No. 363,869, filed May 10, 1982, under Section 44(e) of the Trademark Act, based on Federal Republic of Germany Registration No. 727,245, registered September 3, 1958.

registration of the mark "WELLASTRATE", because Wella A.G. is not the owner of that mark in the United States.

This is not the first occasion we have had to consider the registrability of "WELLASTRATE", and, therefore, a few words concerning the history of the present application are in order.

### BACKGROUND

This application first came before the Board after the Examining Attorney refused registration of "WELLASTRATE", under Section 2(d) of the Trademark Act, on the basis of four marks previously registered to Wella U.S. (viz., "WELLA," "WELLASOL," "WELLA STREAK" and "WELLATONE") for related hair care products. Relying on Trademark Trial and Appeal Board precedent, the Examining Attorney refused to accept applicant's argument that the proscription of Section 2(d) should not apply in view of the parent-subsidiary relationship between applicant Wella A.G. and the record owner of the four cited registrations, Wella U.S. When an appeal was taken from the final refusal to register under Section 2(d), the Board affirmed the refusal. The Board held that Section 2(d) unequivocally bars registration of a mark that so resembles a mark registered or used "by another" as to be likely to cause confusion and that, because Wella U.S. was a legal entity separate and apart from Wella A.G., Wella U.S. was "another" within the meaning of Section 2(d) and Wella A.G. was not entitled to a registration of the mark "WELLASTRATE." In support of its holding, the Board cited its previous decisions in In re Air Products, Inc., 124 USPQ 81 (TTAB 1960), Int'l. Radio Corp. v. Crown Radio Corp., 150 USPQ 394 (TTAB 1966), In

2

re Champion Corp., 220 USPQ 478 (TTAB 1982) and In re Citibank, N.A., 225 USPQ 612 (TTAB 1985).

The Board's decision was appealed to the U.S. Court of Appeals for the Federal Circuit and, in a decision dated April 1, 1986,[2] the Court vacated the Board decision that had affirmed the Examining Attorney's refusal to register under Section 2(d). The Court remanded the application to the Board for further action in accordance with its opinion. In remanding the case for further action, the Court stated that the Board had "taken an unduly, unnecessarily, and improperly narrow view of Section 2(d)" and had failed to address the question of whether the public is likely to believe that the source of the hair care products sold under the "WELLASTRATE" trademark is Wella U.S., rather than Wella A.G., or the "Wella organization," which question the statute required the Board to address. Appended to the Court's order vacating the Board's decision and remanding the case for further proceedings was an opinion captioned "additional views", by Circuit Judge Nies, one of the panel members who considered the case on appeal. Judge Nies' opinion raised a point not addressed in the initial prosecution of the application, namely, whether Wella A.G., as opposed to Wella U.S., its subsidiary, is the owner of rights in all the "WELLA" marks in the United States. Judge Nies indicated that "... a new rejection on the basis of Sections 1 and 7 appears appropriate."

---

[2] In re Wella A.G., 787 F.2d 1550, 229 USPQ 274 (Fed. Cir. 1986).

In the attempt to comply fully with the Court's directions and also to proceed in accordance with Judge Nies' "additional views," the Board deferred action on the Section 2(d) question and remanded the application under Trademark Rule 2.142(f)(1), for further examination. The Examining Attorney was instructed to consider entry of a refusal under Sections 1 and 7 of the Trademark Act, on the ground that applicant is not the owner of the mark it seeks to register. Such a refusal was eventually entered and made final by the Examining Attorney, and applicant filed an appeal from the refusal.

The Board must now decide the propriety of the refusal to register under Section 2(d) and the propriety of the refusal to register under Sections 1 and 7 of the Trademark Act. Before beginning our consideration of the two grounds for refusal, we readily confess that, after repeated readings of the Court's opinion and Judge Nies' "additional views," we are not sure that we understand fully the Court's analysis of the issues in this case. Therefore, although we have attempted to apply the Lanham Act to the facts of this case in accordance with the Court's opinion, we cannot say with certainty that we have succeeded.

THE SECTION 2(d) REFUSAL

In remanding the application to the Board for further action, the Court criticized the Board's original decision in this case for affirming the refusal to register under Section 2(d) without determining "whether under the circumstances there was in fact any likelihood of confusion, or to explain what that confusion would be." As the Court noted,

4

> If the Wella family of marks connotes to
> consumers only a single source for all Wella
> products, namely the Wella organization, it
> is difficult to see how Wella A.G.'s use of
> the mark "WELLASTRATE" would cause confusion
> as to source because of Wella U.S.'s use of
> other Wella marks.

The "confusion" which the Board had assumed Section 2(d) encompassed was the assumption, likely to be made by purchasers, that similar goods or services offered by related companies under similar marks emanated from a single legal entity rather than from separate legal entities. It appears from the Court's opinion that "confusion" of this type is not encompassed by the proscription of Section 2(d). On the other hand, nothing in the Court's opinion suggests that it is always improper to cite, as Section 2(d) bars to registration of a mark sought to be registered by one party, registrations owned by that party's related company.

To state the matter differently, in every case involving the application of Section 2(d), a determination must be made as to whether there exists a likelihood of confusion as to source, that is, whether purchasers would believe that particular goods or services emanate from a single source, when in fact those goods or services emanate from more than a single source. Clearly, the Court views the concept of "source" as encompassing more than "legal entity." Thus, in this case, we are required to determine whether Wella A.G. and Wella U.S. are the same source or different sources. If we find that the two entities are the same source, there could, of course, be no confusion as to source, and the refusal under Section 2(d) may

5

not stand.  The question of whether Wella U.S. and Wella A.G. are the same source is a question of fact.

The existence of a related company relationship between Wella U.S. and Wella A.G. is not, in itself, a basis for finding that any "WELLA" product emanating from either of the two companies emanates from the same source.  Besides the existence of a legal relationship, there must also be a unity of control over the use of the trademarks.  "Control" and "source" are inextricably linked.  If, notwithstanding the legal relationship between entities, each entity exclusively controls the nature and quality of the goods to which it applies one or more of the various "WELLA" trademarks, the two entities are in fact separate sources.  Wella A.G. has made of record a declaration of the executive vice president of Wella U.S., which declaration states that Wella A.G. owns substantially all the outstanding stock of Wella U.S. and "thus controls the activities and operations of Wella U.S., including the selection, adoption and use of the trademarks."  While the declaration contains no details of how this control is exercised, the declaration is sufficient, absent contradictory evidence in the record, to establish that control over the use of all the "WELLA" trademarks in the United States resides in a single source.

We conclude, therefore, that Wella A.G. and Wella U.S. are the same source, for purposes of determining whether Section 2(d) of the Trademark Act bars registration to Wella A.G. of the mark "WELLASTRATE."  Because they constitute a single source, there can be no likelihood of confusion as to

6

source in the contemporaneous use of "WELLASTRATE" and the four marks cited by the Examining Attorney, and the Section 2(d) refusal to register may not stand.

### OWNERSHIP

Judge Nies' "additional views," alluded to above, appeared to make the point that, to analyze the facts of this case by reference to Section 2(d) is to miss the real issue of the case. Judge Nies characterized the issue as one of ownership of the mark sought to be registered. Judge Nies' views seemed to reduce the issue to the following syllogism: the Lanham Act allows only the owner of a mark to apply for registration; Wella A.G.'s allegations in its application to register "WELLASTRATE" amount to an averment that it is the sole owner of rights in all "WELLA" marks in the United States; the registrations of Wella U.S. are evidence that Wella U.S. is the sole owner of the rights in "WELLA" marks in the United States; Wella A.G. and Wella U.S. cannot both be the sole owner of the same rights; the presumptions of Section 7(b) (that is, that a certificate of registration of a mark upon the Principal Register is prima facie evidence of the validity of the registration and registrant's ownership of the mark and of its exclusive right to use the mark in commerce in connection with the goods and services specified in the certificate) are inconsistent with the idea of a non-owner registrant; Section 7 requires the Patent and Trademark Office to accept the correctness of the existing title records for the "WELLA" registrations, which show that the "WELLA" marks are owned by

7

Wella U.S.; Wella A.G. is, therefore, not entitled to the
registration it seeks until these title records reflect the
ownership it now claims or the registrations are cancelled.

We again reject, as did Judge Nies, in her "additional
views", Wella A.G.'s argument that Wella A.G. is entitled to
registration of the "WELLASTRATE" mark, notwithstanding the
existence of registrations of other "WELLA" marks owned by Wella
U.S., in view of the fact that Wella A.G. and Wella U.S. are
related companies. As Judge Nies stated, nothing in Section 5
confers a right to register on a non-owner of a mark.
Certainly, Section 5 provides that the owner of a mark may rely,
for purposes of registration, on the use of that mark by a
related company. That fact notwithstanding, we reiterate that
only the owner of a mark may register it.

As we noted in our discussion of the Section 2(d)
refusal in this case, the concepts of ownership, control, and
source are linked. That we have determined that confusion,
within the meaning of Section 2(d), is not likely in view of the
singleness of source represented by the various "WELLA" marks
does not prevent our finding that all of the "WELLA" marks are
owned in the United States by a single legal entity. Applicant
Wella A.G. has consistently maintained in the prosecution of
this appeal that Wella A.G. controls the use of all the "WELLA"
trademarks, including those that have been registered by its
subsidiary Wella U.S. That consistent position notwithstanding,
we cannot ignore the fact that there are, on the register, four
"WELLA" marks, with the attendant Section 7(b) presumptions that

8

Wella U.S. is the U.S. owner of those registered marks. As long as those registrations exist on the records of the Patent and Trademark Office, this Office is bound to find, as a matter of law, that the "WELLA" marks, whose source is the Wella organization, are owned in the United States by Wella U.S.

To put the matter in even simpler terms, irrespective of what this ex parte record shows concerning the use and control of the various "WELLA" marks, the right to register these marks is a statutorily conferred right that may only be exercised by the owner of the mark sought to be registered. The existence of the cited registrations on the register in the name of Wella U.S. represents conclusive evidence, for the purposes of registration, that all the marks of the Wella organization are owned in the United States by Wella U.S. and not, as argued by applicant, by Wella A.G. [3]

_____

(3) In finding that Wella A.G. may not properly claim to be the owner of the mark "WELLASTRATE" in the United States, we are not suggesting that this record establishes that Wella U.S. may now register "WELLASTRATE"; we are mindful that the mark "WELLASTRATE" has never been used in the United States and that the present application was filed under the provisions of Section 44(e) of the Trademark Act, based on a foreign registration owned by Wella A.G. We are holding, simply, that Wella A.G.'s claim of ownership of the mark in the United States is conclusively rebutted by the existence of four "WELLA" registrations owned by Wella U.S.

9

Decision: The refusal to register, under Section 2(d), is reversed; but the refusal to register on the grounds that Wella A.G. does not own the mark it seeks to register is affirmed.

J. D. Sams

J. E. Rice

G. D. Krugman
Members, Trademark
Trial and Appeal Board

NOV 5 1987